IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARIE RHODES CHIPLEY, INDIVIDUALLY,
AS ADMINISTRATRIX OF THE ESTATE OF
MICHAEL RHODES, AND AS PERSONAL REPRESENTATIVE
OF MICHAEL WILLIAM RHODES, DECEASED

MICHAEL ELLIS RHODES, INDIVIDUALLY                                    PLAINTIFFS

V.                                                   CAUSE NO: 3:16cv901-TSL-RHW

SERGEANT SHARKEY BROWNLOW,
INDIVIDUALLY                                                          DEFENDANTS

**FIRST AMENDED COMPLAINT**

*Jury Trial Demanded*

COME NOW THE PLAINTIFFS, Marie Rhodes Chipley, individually, as personal representative of Michael Rhodes, and Administratrix of his Estate, and Michael Ellis Rhodes, Individually, who amend their prior *Complaint* to comport with the prior orders of this Court, the stipulations filed in this action, and certain additional facts discovered throughout discovery. Plaintiffs complain of the Defendant as follows:

I.  PARTIES

1. The Plaintiff, Marie Rhodes Chipley, is a Mississippi resident residing at 4259 Attala Road 1010, Kosciusko, Mississippi 39090. She is the natural daughter of Michael William Rhodes and Administratrix of his Estate. As such, she is one of two known wrongful death beneficiaries and heirs at law of Michael William Rhodes.

2. Michael Ellis Rhodes is the natural son of Michael William Rhodes and, as such, is one of two known wrongful death beneficiaries and heirs at law of Michael William Rhodes. Michael Ellis Rhodes is a Mississippi resident residing at 761 Rhodes Lane, Benton, Mississippi.

3. The Defendant, Sergeant Sharkey Brownlow, is and was at all relevant times a jailer at the Yazoo County Regional Correctional Facility, and can be served with process at 211 East Broadway Street, Yazoo City, Mississippi 39194, or wherever he may be found. For purposes of this amended complaint, Defendant can be served with process through the Electronic Court Filing system.

## II. JURISDICTION

4. This Court has jurisdiction pursuant to 28 U.S.C. §1331 as this action arises under the laws of the United States, specifically 42 U.S.C. §1983 and the United States Constitution.

5. Venue is proper in the Northern Division of the Southern District of Mississippi pursuant to 28 U.S.C. §1391 as one or more defendants reside in Yazoo County and a substantial part of the events or omissions giving rise to the claim occurred in Yazoo County.

## III.  FACTS

6. On or about December 23, 2014, Michael Rhodes stuck his vehicle in the mud on his private property and, seated in the driver's seat, aimed a rifle at his head and placed the barrel of the rifle of the gun for approximately forty-five minutes to an hour. Michael Rhodes was crying and threatening to take his life. Law enforcement was summoned by the family of Michael Rhodes, but left the scene to allow the family to negotiate the gun away from his head.

7. The Rhodes family and friends ultimately urged Officer Simon Stubblefield to return to the scene and apprehend Michael Rhodes because he was threatening to commit suicide, and they

feared he might hurt himself or someone else. Michael Rhodes was intoxicated, but Yazoo County officials reported that the primary purpose of his apprehension was to protect him and others from his unpredictable ideations at that juncture.

8. Officer Stubblefield brought Mr. Rhodes in for booking at the Yazoo County Regional Correctional Facility (the "Jail") at approximately 20:36 hours. Prior to arriving at the Jail, Officer Stubblefield radioed ahead to request help removing Mr. Rhodes from the vehicle.

9. Sergeant Sharkey Brownlow assisted Deputy Stubblefield in removing him from the vehicle and placing him in the booking area at the Jail. During this transport from the vehicle into the jail, as well as inside the jail, Deputy Stubblefield reported to Sharkey Brownlow that Mr. Rhodes had aimed a gun at his own head for forty-five minutes to an hour and that Mr. Rhodes was suicidal.

10. Deputy Stubblefield requested that Sergeant Brownlow place Mr. Rhodes on suicide watch and in a suicide cell.

11. Sergeant Brownlow possessed actual, subjective knowledge that Mr. Rhodes posed a substantial risk of suicide on December 23, 2014 and December 24, 2014. Nonetheless, Sharkey Brownlow failed to monitor Mr. Rhodes, failed to protect him from himself, and failed to provide him with necessary medical attention and safe housing.

12. Sergeant Brownlow dressed Michael Rhodes in regular inmate clothing and gave Michael a mat, sheet, and blanket before confining Michael in segregation (Cell #1118) at approximately 20:41 hours on December 23, 2014.

13. Providing these effects and housing Michael Rhodes in a segregation cell both represented a violation of Yazoo County written policy.

14. Sharkey Brownlow stated on December 23, 2014 that he did not have a suicide cell available, but later admitted that he could have made arrangements to place Michael Rhodes in a suicide cell on December 23, 2014.

15. Marie Rhodes Chipley, Michael Rhodes' daughter, called Sergeant Brownlow on the evening of December 23, 2014 to check on her father and reported to Sharkey Brownlow that her father was suicidal that day.

16. The cell Mr. Rhodes was placed in had multiple tie-off points, including horizontally-stacked windows, clothes hooks, bolted table and chairs, a bunk bed, and a light fixture, among others.

17. Although Sharkey Brownlow was required to ensure continuous supervision, Michael Rhodes was left unsupervised for no less than five hours until approximately 5:30 a.m. on December 24, 2014 despite Sharkey Brownlow's knowledge that Mr. Rhodes was suicidal when he was booked.

18. Michael Rhodes is believed to have died approximately between 2:00 a.m. and 3:00 a.m. based on the rigor mortis present when the coroner arrived.

19. At approximately 5:30 a.m., Michael Rhodes was found unresponsive in a sitting position noosed from the top bunk. The ligature was created from the bed sheet or blanket provided by Sharkey Brownlow. The ligature was looped through designed openings in the top bunk frame and wrapped around his neck by a complex knot under his chin.

20. Upon information and belief, Sharkey Brownlow did not attempt to revive Mr. Rhodes when he found him.

21. One of the horizontal windows in the cell had been broken.

22. The cell was also found to contain another torn cloth strip that was under a seat (that was attached to the wall) and around a light fixture, indicative of multiple failed suicide attempts prior to Michael Rhodes' death.

23. James J. Woytash, DDS, M.D., a forensic pathologist for the Mississippi State Medical Examiner's Office, ruled that Michael Rhodes' cause of death was asphyxia due to hanging, and that the manner of death was suicide.

24. Prior to December 24, 2014, Sharkey Brownlow received training in suicide prevention and recognition, and he acted contrary to this training on December 23-24, 2014 in failing to monitor Michael Rhodes, providing him a sheet and blanket, and placing him in a dangerous cell, among other acts and omissions.

### III. CAUSES OF ACTION

**42 U.S.C. § 1983 -- Fourteenth Amendment**

25. Paragraphs one (1) through twenty-four (24) are incorporated by reference as if set forth fully herein.

26. At the time of Michael Rhodes' death, he was a pre-trial detainee at the Yazoo County Jail, and, as such, was entitled to constitutional guarantees afforded by the Fourteenth Amendment of the United States Constitution for safety, adequate conditions of confinement, medical attention, security, and adequate protection from his suicidal impulses.

27. Sharkey Brownlow was at all times acting under color of state law and subjected Michael Rhodes, a citizen of the United States, to the deprivation of these rights, privileges, or immunities secured by the United States Constitution and laws. Sharkey Brownlow violated the these constitutional and statutory rights of Michael Rhodes on December 23-24, 2014.

28. These rights, privileges, and immunities, which Sharkey Brownlow violated, were clearly established on December 23, 2014 and December 24, 2014.

29. Sharkey Brownlow's acts and omissions were unreasonable in light of clearly established law on December 23-24, 2014.

30. At all times relevant hereto, Defendant Brownlow had actual knowledge and perceived that there was an imminent, substantial risk of suicide and that Michael Rhodes was in need of safety precautions and/or medical attention.

31. Despite his knowledge of Michael Rhodes' imminent particular vulnerability to commit suicide, Sharkey Brownlow failed to take any steps to ensure (1) that he was placed on suicide supervision, (2) that he was placed in an environment that would keep him safe from himself and others, and (3) that he was provided any medical attention and referred to medical professionals.

32. In fact, Sharkey Brownlow increased the risk of suicide by providing bedding, a regular uniform, and placing him in a segregation cell with multiple tie-off points, as opposed to dressing him in a paper uniform, withholding bedding that could be torn, and placing him in a suicide holding cell with no tie-off points. Furthermore, Defendant Brownlow neglected to monitor Mr. Rhodes for more than five hours, and did not instruct anyone else to monitor Mr. Rhodes.

33. In light of clearly established law, these actions and omissions demonstrate at minimum a subjective deliberate indifference to the constitutional rights, safety, and medical needs of Michael Rhodes, namely the substantial risk of suicide on December 23 and 24, 2014.

34. The actions and omissions of Sharkey Brownlow and his deprivation of Michael Rhodes' constitutional rights were the sole (or, in the alternative, contributing) proximate cause and cause-in-fact of the death of Michael Rhodes as well as the damages sustained by Michael Ellis Rhodes, individually, and Marie Rhodes Chipley, individually, and the Estate of Michael Rhodes as

set forth in more detail below.

35. Sharkey Brownlow's actions were so reckless and wanton that punitive damages are due to be imposed.

### IV. DAMAGES

36. Paragraphs one (1) through thirty-five (35) are adopted by reference as if set forth fully herein.

37. Plaintiffs are entitled to the following damages:

   a. Past, present and future emotional distress;
   b. Michael Ellis Rhodes and Marie Rhodes Chipley are entitled, individually, to past, present, and future loss of love, affection, society, comfort, and companionship of their father, Michael William Rhodes;
   c. Physical pain and suffering as well as emotional distress of Michael William Rhodes prior to his death;
   d. Funeral expenses related to the death of Michael Rhodes, and any and all other expenses incurred by the family;
   e. Attorneys fees, costs (including expert costs) and expenses associated with this litigation pursuant to 42 U.S.C. §1988;
   f. Pre- and post-judgment interest;
   g. Punitive damages;
   h. All other damages permitted by 42 U.S.C. §1983, Miss. Code Ann. § 11-7-13, and any other applicable provision of Federal or State Law.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs urge this Court to enter a judgment against the Defendant in the amount of $5,000,000.00, along with all attorneys' fees and all other costs associated with this action. The Plaintiffs request all other relief to which they may be entitled in the premises.

Respectfully submitted, this the 2nd day of November, 2018.

        MARIE RHODES CHIPLEY AND MICHAEL ELLIS RHODES
        By and through their counsel of record,

        TANNEHILL, CARMEAN & McKENZIE, PLLC

        By: /s/ *Jacob B. Jordan*

J. Rhea Tannehill, Jr., MB #10449
Jacob B. Jordan, MB #104230
829 North Lamar Boulevard, Suite #1
Oxford, Mississippi 38655
Telephone: (662) 236-9996
Facsimile: (662) 234-3949

**CERTIFICATE OF SERVICE**

I, Jacob B. Jordan, do hereby certify that I have this day electronically filed with the Clerk of the Court using the ECF system a true and correct copy of the foregoing document, who sent notification to such filing to the following:

Rebecca B. Cowan
CURRIE JOHNSON & MYERS, P.A.
Post Office Box 750
Jackson, MS 39205
Tel: (601) 969-1010
Fax: (601) 969-5120
bcowan@curriejohnson.com

Jason E. Dare, Esq.
PETTIS, BARFIELD & HESTER, P.A.
Post Office Box 16089
Jackson, Mississippi 39236-6089
jdare@pbhfirm.com

Wiley Johnson Barbour, Jr., Esq.
HENRY, BARBOUR, DECELL & BRIDGEFORTH, LTD
117 E. Jefferson Street
Yazoo City, Mississippi 39194-1569
jbarbour@hbdlaw.com

Respectfully submitted, this the 2nd day of November, 2018.

/s/ *Jacob B. Jordan*
JACOB B. JORDAN